Carr, J.
When the case of Chowning v. Cox (of which this is the sequel) was formerly before this court, I consider that the court decided a mere abstract principle. This is apparent from the whole opinion. It commences thus: *664 “ This case presents the general question, whether a deed , , r , , T \ . ,. , executed by a debtor, conveying land to his creditor, and purporting to constitute him the trustee for selling the land, , . , , , , , and applying the proceeds or the sale to the payment of the (jue t0 himself, can be regarded otherwise than as a mere mortgage, to which the right of redemption is incident.” Such a deed was decided to be a mortgage. But when the court came to apply the general principle to the case before it, it said, “ If there were no other persons than the debtor and creditor intereste'd, it would reverse the decree, and provide'for a sale under the directions of the court of chancery. But the person who purchased under the former sale, and who has the legal title, has not been made a party. Had he been before the court, he might have given a different aspect to the cause. He might have shewn, .that, although the sale cannot be justified on the sole ground of the powers derived from the deed, yet it ought to be confirmed in his favor, in consequence of the subsequent acts of the appellant. He ought, therefore, to have been a party, and the chancellor erred in pronouncing a final decree, without affording an opportunity to bring him before the court.” The decree was therefore reversed, and the cause sent back.
It is thought, that by the words “ the subsequent acts of the appellant,” the court meant to limit the defence of the vendee to the acts of Chowning done after the sale.. I do not believe the court meant any such restriction. It had said, in a prior sentence, that if the vendee had been a party, he might have given a different aspect to the cause; thus throwing the whole open to him. It proceeded afterwards to particularize one of the means by which this new aspect might be given; namely, by shewing Chowning’s acts of confirmation or assent subsequent to the sale. But, suppose the vendee before the sale, had gone to Chowning, and said, “ I see that Cox has advertised your land for sale ; is it your purpose to suffer him (who is the creditor) to act also as the trustee? if so, I am inclined to buy:” and Chowning had answered, “ Yes; you may buy safely:” Can it be ima *665 ffined, that this court meant to shut out such a defence ? Is r . it not a fundamental maxim, that no man shall be affected by res inter alios aetac¡ Had not the court pronounced, that Chowning had done wrong in bringing this cause to hearing, without making the vendee, who had the legal title, a party ? And would it enable him to profit by his own wrong ? which he surely would do, if by omitting to make Taylor a party to his original bill, he could cut him off from a defence, which as an original party he would unquestionably have had. It is clear to me, then, that Taylor comes to his defence, wholly unprejudiced by what has been done; and free to avail himself of any matter of fact or law arising out of the old case or the new.
Taking the genera] ¡principle to have been correctly decided by the court, we are to inquire, whether, under all the circumstances of the case, the sale of the land made by Cox, shall stand or be set aside ? That the parties to the deed intended to give Cox the full power to sell and convey the land, no body can doubt. They expressly swear, that such was their intention. Nor is this an unheard of thing: in the state of New York (as their reported cases shew us) nothing is more common than to give to the mortgagee a power of sale : and in such cases, if he is proceeding to sell, improperly, as the debtor thinks, he files his bill, stops the sale, and brings the matter into equity, just as the debtor does here in deeds of trust. In the case before us, it is the less strange that Mrs. Thompson should place so much confidence in Cox, as to make him the trustee, because he was not, in his individual character, the creditor: the answers and the deed itself declare, that it was the money of his wards, which he was lending out upon the security of this land. Chowning bought the land with a full knowledge of this incumbrance, and it was a part of his contract to discharge it. He went on to pay a part of the money; but failing to pay the rest, Cox advertised the land for sale. Chowning then filed a bill of injunction to stay the sale, on the ground of defect of title; but made no *666 objection to Cox’s selling as trustee. . This injunction was dissolved: Cox again advertised to sell the land for cash, to discharge the incumbrance. The sale took place on the '29th May 1812, Chowning being present and making no 0kject¡0n> Taylor became the purchaser; and in August after, the original bill was filed to set the sale aside, not for unfairness, but because the deed was a mortgage, and the plaintiff had a right to be let in to redeem. I am clearly of opinion, that under all the circumstances, it would operate a cruel injustice to set aside the sale. This deed being in law a mortgage, we must presume, that Chowning knew it to be so; for every man is bound to know the law, and ignorance does not excuse. This is laid down in many cases. In Bilbie v. Lumley, 2 East, 471. the court said, “ Every man must be taken to be conusant of the law. Otherwise there is no saying to what extent the excuse of ignorance might be carried. It would be urged in almost every case.” But, besides the conclusion of law, we have the statement of the plaintiff in his original bill, that he did know this to be a mere mortgage : after describing the deed as having a power of sale, he says, “ that at the time of entering into the said agreement [with Mrs. Thompson] your orator understood, that there was a mortgage on the said land, as evidenced by this indenture, and that it was nothing more.’’ Possessing this knowledge, he made no objection in the first bill he filed, to a sale by Cox. Failing in that bill, he attended the sale; stood by, and saw an innocent purchaser buy and pay his money, and receive his deed, and made not one word of objection. The sale too, we are told by witnesses, was well attended, and conducted with perfect fairness. After this, can he be heard to object to this sale ? It is not worth while to quote the cases which decide, that a man.thus concealing his right shall be bound : they are too familiar. If we were even to say (contrary to the conclusion of law, and the statement of the bill) that Chowning did not know that this was a mere mortgage, and therefore was not guilty of fraudulent concealment, still I *667 should he of opinion, that he could not succeed ; for where equity is equal, the law must prevail 5 and here the vendee has the legal title, and far superiour equity, since Chouming, , , - ,. to say the least, was guilty ot gross negligence.
I am, therefore, of opinion, that the decree be that the sale of the land made by Cox to Taylor be confirmed, and so much of the bill as sought to set it aside, dismissed.
The other judges concurring, decree reversed.